ELECTRONICALLY FILED
12/31/2018 2:49 PM
34-CV-2018-900120.00
CIRCUIT COURT OF
GENEVA COUNTY, ALABAMA
GALE LAYE, CLERK

IN THE CIRCUIT COURT OF GENEVA COUNTY, ALABAMA

| | |
|---|---|
| MICHAEL HUTCHINGS, ) | |
| BENEFICIARY OF ) | |
| MICHAEL HUTCHINGS, DECEASED ) | |
| V. ) | CASE NO. CV-2018- |
| SAGICOR INSURANCE CO., ) | JURY DEMAND |
| DEFENDANT ) | |

## VERIFIED COMPLAINT

COMES NOW, Michael Hutchings, son and beneficiary of Michael Hutchings, deceased insured, by and through undersigned counsel, Letta Dillard Gorman, and files his Complaint and Jury Demand as follows.

### I. JURISDICTION AND VENUE

1. Jurisdiction is proper undersection 12-12-30 of the Code of Alabama. Venue is proper in this Court pursuant to Section 6-3-7 of the code of Alabama.

### II. THE PARTIES

2. Plaintiff, **MICHAEL HUTCHINGS**, is of the full age of majority and a resident of the Geneva County, Alabama and the State of Alabama. He is the son of the insured, deceased, Michael Hutchings, and the designated beneficiary under the Defendant insurance company policy.

3. **SAGICOR INSURANCE COMPANY**, is an insurance company authorized to do and/or doing business in Geneva County, State of Alabama and subject to the jurisdiction of this Honorable Court, ("Sagicor") which at all times pertinent herein was the life insurer of Michael Hutchings.

### III. FACTUAL BACKGROUND

4. On or about 12/1/2016, the Plaintiff Michael Hutchings purchased a life insurance policy on his Father, Michael Hutchings, deceased, from the Defendant Sagicor for the amount of $100,000 coverage.

5. At all times relevant hereto, plaintiff owned the insured policy and made timely payments as prescribed.

6. At all times material hereto, plaintiff Michael Hutchings had an insurance contract in effect with "Sagicor" for life insurance on his Father, Michael Hutchings. The applicable insurance contract specifically provided coverage for the death incident that occurred on March 22, 2017.

7. Following the insured's death, plaintiff notified "Sagicor" and filed his claim.

8. "Sagicor" denied the claim.

9. "Sagicor" and/or its authorized agents advised the plaintiff that the policy was not valid due to the insured providing false information on the application.

10. At all times material hereto, plaintiff has fully cooperated with Sagicor and provided the claim documentation to the best of his ability.

**IV. CAUSES OF ACTION**

**FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

11. Plaintiff realleges and reavers each and every allegation contained in Paragraphs 1 through 10, as if delineated here in extenso.

12. Sagicor breached its contract of insurance with plaintiff by Failing to promptly and reasonably pay the claim.

13. Any other acts or omissions to be shown at trial on the merits.

**SECOND CAUSE OF ACTION: NEGLIGENT MISREPRESENTATION**

14. Plaintiff realleges and reavers each and every allegation contained in Paragraphs 1 through 13, as if delineated here in extenso.

15. Sagicor further breached its contract with plaintiff and/or acted negligently by the following actions:

A. Failing to respond to verbal requests and correspondence in a timely manner;

B. Failing to properly and timely adjust this case consistent with insurance industry standards;

C. Failing to provide any reasonable basis for denying payment on this claim now months following the incident;

D. Failing to meet its duty owed to plaintiff to engage in good faith and fair dealings; and

E. Any other actions or omissions that will establish bad faith, breach of contract and/or negligence which will be proven at the trial on the merits.

### THIRD CAUSE OF ACTION: DECLARATORY JUDGMENT

16. Plaintiff realleges and reavers each and every allegation contained in Paragraphs 1 through 15, as if delineated here in extenso.

17. Plaintiff seeks a declaratory judgment for the purposes of determining a question of actual controversy between the parties concerning his rights, obligations, and coverages under the subject policy.

18. Plaintiff seeks a declaration that the life insurance policy provides full insurance coverage for death of Michael Hutchings.

### FOURTH CAUSE OF ACTION: SPECIFIC PERFORMANCE

19. Plaintiff realleges and reavers each and every allegation contained in Paragraphs 1 through 18, as if delineated here in extenso.

20. Sagicor entered into the subject contract of insurance with the plaintiff wherein it clearly and expressly agreed to provide insurance coverage for the death of Michael Hutchings.

21. Plaintiff has now suffered the loss of his Father and has consequently been denied insurance benefits.

22. Plaintiff performed his end of the bargain and is accordingly now entitled to specific performance of the life insurance contract. The Court should therefore require Sagicor to specifically perform such agreement.

### FIFTH CAUSE OF ACTION: UNJUST ENRICHMENT

23. Plaintiff realleges and reavers each and every allegation contained in Paragraphs 1 through 22, as if delineated here in extenso.

24. Despite realizing substantial premium from plaintiff, Sagicor has withheld the insurance proceeds owed to plaintiff for the death of his Father.

25. Sagicor has therefore been unjustly enriched at plaintiff's expense.

### SIXTH CAUSE OF ACTION: SAGICOR'S VIOLATION OF TITLE 27 OF THE CODE OF ALABAMA

26. Plaintiff realleges and reavers each and every allegation contained in Paragraphs 1 through 25, as if delineated here in extenso.

27. At all material times, Sagicor negligently and in bad faith failed to adjust plaintiff's claims properly.

28. At all material times, Sagicor and its agents violated its own rules for adjusting life insurance claims.

29. At all material times, Sagicor and its agents violated Title 27 of the Code of Alabama.

30. Sagicor violated Title 27 of the Code of Alabama in the following non-exclusive particulars: (1) failing to timely adjust plaintiff's claims; (2) failing to honor plaintiff's satisfactory proof of death; (3) failing to properly train its adjusters and agents; (4) failing to provide its adjusters and agents with proper uniform materials with which to properly evaluate claims; (5) any and all misconduct as becomes known before trial.

30. As a result of its misconduct, Sagicor is liable to plaintiff for all damages occasioned by its misconduct, specific and general, as well as attorneys' fees, costs, interests, penalties.

### SEVENTH CAUSE OF ACTION: BAD FAITH

31. Plaintiff realleges and reavers each and every allegation contained in Paragraphs 1 through 30, as if delineated here in extenso.

32. Pursuant to Title 27 of the code of Alabama Sagicor further breached its duty of good faith and fair dealing, as well as its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with plaintiffs by:

A. Failing to issue a life insurance contract to plaintiff that contained exclusionary language that is narrowly drafted;

B. Failing to issue a life insurance contract to plaintiffs that contained exclusionary language that was defined within the agreement;

C. Failing to issue a life insurance contract to plaintiffs that is not designed to be used to deny coverage for the death of the insured;

D. Failing to issue a policy of insurance that will provide for the death of the insured;

E. Failing to provide a life insurance contract that is unambiguous;

F. Failing to pay a settlement within thirty (30) days after the agreement is reduced to writing;

G. Failing to pay the full amount of any claim due the plaintiffs within sixty (60) days after receipt of satisfactory proof of loss;

H. Failing to promptly adjust the claim within thirty (30) days of being notified by petitioners.

I. The defendant's failure and/or omissions constitute bad faith in that they were arbitrary and capricious, all of which entitles plaintiffs to recover attorney's fees, costs and penalties as allowed by law; and

J. Any other acts or omissions to be shown at trial on the merits.

33. Defendant Sagicor's failures were willful and/or intentional and/or arbitrary and capricious so that the plaintiff is entitled to an award of penalties, attorney's fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff is entitled to full insurance coverage under the Sagicor policy of life insurance for the death of the insured and other such, equitable relief set forth in the petition, including, but not limited to:

    H. Failing to promptly adjust the claim within thirty (30) days of being notified by petitioners.

    I. The defendant's failure and/or omissions constitute bad faith in that they were arbitrary and capricious, all of which entitles plaintiffs to recover attorney's fees, costs and penalties as allowed by law; and

    J. Any other acts or omissions to be shown at trial on the merits.

33. Defendant Sagicor's failures were willful and/or intentional and/or arbitrary and capricious so that the plaintiff is entitled to an award of penalties, attorney's fees and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff is entitled to full insurance coverage under the Sagicor policy of life insurance for the death of the insured and other such, equitable relief set forth in the petition, including, but not limited to:

A. A Declaration and/or Judgment by this Court that the subject policy provides full insurance coverage for the death of the insured;

B. A Declaration and/or Judgment that Sagicor violated Title 27 of the Code of Alabama.

C. Court costs, expenses, and judicial interest; and

D. Any and all other equitable relief deemed appropriate by this Court.

**JURY DEMAND**

The plaintiff respectfully prays for a trial by jury of all claims.

**WHEREFORE**, plaintiff, Michael Hutchings, respectfully prays after due proceedings be had that there be a judgment entered in his favor and against defendant awarding damages, prejudgment interest, post judgment interest, attorney's fees and costs, punitive and/or exemplary damages as may be allowed by law and for further relief as equity and justice require.

Respectfully submitted,

_____
MICHAEL HUTCHINGS

I HEREBY CERTIFY THAT MICHAEL HUTCHINGS DID APPEAR BEFORE ME ON THIS 31st DAY OF ~~JULY~~ DEC, 2018 AND SWEARS THE ABOVE TO BE TRUE AND CORRECT.

_Natasha Marie Sanders_
NOTARY

DOCUMENT 2

MY COMMISSION EXPIRES: 05|2028

**PLEASE SERVE:**

SAGICOR LIFE INSURANCE COMPANU
4343 N. SCOTTSDALE ROAD
SUITE 300
SCOTTSDALE, AZ 85251
480-425-5100