IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL HUTCHINGS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:19-cv-108-ECM |
| | ) | (WO) |
| | ) | |
| SAGICOR INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM OPINION AND ORDER**

This case is before the Court on a Motion for Summary Judgment filed by the Defendant (Doc. # 10).

In its Motion, the Defendant seeks summary judgment on all the Plaintiff's claims. In support of the motion, the Defendant provides uncontroverted evidence that, among other things, the decedent failed to provide accurate information in his application for a life insurance policy. Had the decedent provided accurate information, he would not have been issued the life insurance policy. The decedent was on notice of this ineligibility as the application contained clear language to that effect.

On July 26, 2019, this Court entered an Order giving the Plaintiff until August 19, 2019 to show cause as to why the Defendant's Motion for Summary Judgment should not be granted. (Doc. 11). The Plaintiff failed to respond to the Court's Order by the August 19, 2019 deadline. Thus, the Plaintiff has not presented any evidence that would create a

bona fide issue of law or fact.

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion. *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment. *Id.* at 1101-02. Accordingly, the Court reviews the evidentiary materials presented by the Defendant in accordance with Rule 56 of the Federal Rules of Civil Procedure.

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Defendant has met this burden by supporting its motion with affidavit and documentary evidence.

Once the moving party has met its burden, Rule 56(e) of the Federal Rules of Civil Procedure "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. Fed. R. Civ. Pro. 56(e).

By failing to file any evidence in response to the Motion for Summary Judgment, the Plaintiff has failed to meet his burden. Further, the Court has reviewed the evidentiary materials submitted by the Defendant and finds no question of fact as to any material issue raised by the Defendant as a ground for summary judgment.

The Court further determines that there is no just reason for delay in entering final judgment against this Plaintiff.

Accordingly, it is hereby ORDERED that the Motion for Summary Judgment (Doc. # 10) is GRANTED, and that final judgment be entered in favor of Sagicor Insurance Company and against Plaintiff Michael Hutchings.

Done this 9th day of September, 2019.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE